# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| BOBBY J. GARRETT, | : | Bankruptcy No. 04-32251DWS |
| aka Bobby Garrett, | : | |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 23rd day of September 2005, upon consideration of the Motion of the Chapter 13 trustee (the "Trustee") to dismiss this Chapter 13 case (the "Motion");

**And** after notice and hearing;

**And** the Court finding (1) Debtor filed this Chapter 13 case on September 10, 2004[1] principally in order to deal with fiduciary taxes owed to the Commonwealth of Pennsylvania ("Commonwealth");[2] (2) the Debtor's Chapter 13 plan provided for monthly payments of $101.17 for an aggregate plan funding of $6,070; (3) the Trustee filed the Motion on January 21, 2005; (4) before the Motion could be heard the Debtor filed an Amended

---

[1] I shall take judicial notice of the docket entries in this case. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995).

[2] The Commonwealth has filed a claim as a priority creditor in the amount of $44,480.26 and an unsecured creditor in the amount of $12,243.67. However, the Debtor has not filed employer withholding and sales tax returns for his last business venture and absent those filings, the Commonwealth and this Court cannot accurately assess the claims.

Chapter 13 Plan on March 16, 2005, Doc. No. 37, increasing the monthly payments to $967.14 for an aggregate plan funding of $53,800 which was intended to pay the Commonwealth $44,480.26, the Internal Revenue Service ("IRS") $5,327.01 and National City Mortgage ("NCM") $6.40 in mortgage arrears; (5) the Commonwealth objected to the Amended Plan because while it paid its priority claim in full, it did not account for additional taxes that might be assessed when the missing returns were filed; (6) on May 18, 2005 a Second Amended Chapter 13 Plan was filed increasing monthly payments to $1,258.19 starting June 22, 2005 for an aggregate plan funding of $67,000 which is intended to pay the Commonwealth $56,723.93, the IRS $5,327.01 and NCM $6.40; (6) amended schedules I and J, Exhibit D-1, reflect disposable income to make these payments; (7) the source of the monthly income is $930 wages from Green Beans and Soulful Things ("Beans"), a restaurant being opened the following day, $1,100 in social security and a $1,100 annuity;

**And** the Commonwealth claiming that $72,000, not $56,723.01 is owed to it but presenting no evidence of such claim;

**And** the Debtor contending that he could increase his hours at Beans and earn another $400-$500 to fund a plan if necessary but the Court being unable to evaluate that representation as the business had not yet opened, had no financial projections and the purported owner Emmis Anderson, the cook who formerly worked for Debtor in his failed restaurant, has no apparent business or financial acumen;[3]

---

[3] I found the "evidence" on this point unpersuasive. If the Debtor is required to increase his plan funding, the evidence will have to be more probative to secure confirmation. However, since the plan is presently funded to all pay all filed claims, dismissal is unwarranted so long as Debtor is current with the trustee.

**And** according to the Trustee's case report available on RAMAPO, the Debtor having made the increased monthly plan payments of $1,258.19 since June;

It is hereby **ORDERED** that the Motion is **DENIED** without prejudice on the following conditions:

1. If the tax returns that are necessary to calculate the Commonwealth's claim have not been filed, the Debtor will do so by **October 15, 2005**. Copies will be provided to the Commonwealth and the Trustee. If the filed documents are not provided, this case will be dismissed upon certification of default.

2. The Commonwealth shall amend its claim within 30 days of receipt of the returns and Debtor shall amend his plan within ten days to provide for any increase in the priority claim.

2. The Debtor shall remain current in his plan payments of $1,258.19 until such amendment, if any, requires larger current payments. If he misses a payment, this case will be dismissed upon the Trustee's certification of default.

3. Confirmation and a status hearing shall be held on **December 8, 2005 at 11:30 a.m.** in the Robert N.C. Nix, Sr. Federal Courthouse, 2nd floor, 900 Market Street, Courtroom #3, Philadelphia, PA.

　　　　　　　　　　　　　　　　　　　　　　DIANE WEISS SIGMUND
　　　　　　　　　　　　　　　　　　　　　　Chief U.S. Bankruptcy Judge

-4-

Copies to:
Stokes Ernest Mott, Jr., Esquire
339 West Baltimore Pike
P.O. Box 1217
Media, PA  19063

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA 19106-0119

Denise A. Kuhn, Esquire
Senior Deputy Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA  19107